John **BARNHARDT** et al., Appellants,

v.

**MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT** et al.,
Appellees.

No. 25083.

United States Court of Appeals
Fifth Circuit.

April 24, 1968.

Paul Andrew Brest, Marian E. Wright, Iris Brest, Jackson, Miss., Jack Greenberg, James M. Nabritt, III, Melvyn Zarr, New York City, Reuben V. Anderson, Jackson, Miss., for appellants.

William B. Compton, R. B. Deen, Jr., Witherspoon & Compton, Floyd, Cameron, Deen & Prichard, Meridian, Miss., for appellees.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

This is an appeal from a portion of a final order of the United States District Court for the Southern District of Mississippi in a school desegregation case.

On April 10, 1967, plaintiff, John Barnhardt, et al., and plaintiff-intervenor, United States of America, moved the district court for an order to amend and supplement the court's prior order so as to provide for desegregation in accordance with the standards set forth by this court in the case of United States of America and Linda Stout v. Jefferson County Board of Education, et al., 372 F.2d 836 (5th Cir. 1966) affirmed, en banc, 380 F.2d 385 (5th Cir. 1967).

After a hearing on the motion, the district court found that the previously entered order did not conform to the uniform plan formulated in *Jefferson* and on May 29, 1967, entered an order modifying its previous decree.

Among other modifications the new order added the words "* * * or any other person * * *." to the first sentence of section II (o) of the *Jefferson* model decree so that it read:

"At no time shall any official, teacher, or employee of the school system, *or any other person*, influence any parent, or other adult person serving as parent, or any student in the exercise of a choice or favor or penalize any person because of a choice made." (Emphasis added).

The plaintiff and the intervenor have appealed from this portion of the decree, contending that the court's attempt to enjoin all private individuals in any capacity from influencing the choice of schools is an unconstitutional restriction of protected activities and violative of the First Amendment of the Constitution.

Another panel of this court, in the case of Gaines, et al. v. Dougherty County Board of Education, et al., 392 F.2d 669, decided March 14, 1968, reversed an order of the district court which had made certain changes in the model adopted in *Jefferson*. In *Dougherty* it was declared:

"No panel of this court * * * has the authority to permit deviation from those provisions of the *Jefferson* decree which deal with matters of substance and policy."

It is our opinion that inclusion of the words "* * * or any other person * * *." in section II (o) of the model adopted in *Jefferson,* being an attempt to prevent private persons from influencing school children in their choice of schools, is a substantial change in policy from the *Jefferson* decree and under the

authority of *Dougherty* will not be permitted.

The portion of the order of the trial court filed May 29, 1967, appealed from is reversed and the case remanded for the entry of a decree which, in conformity with this opinion, omits the words "* * * or any other person * * *." from section II (o).